UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN GUERNSEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:05-CV-801 CAS |
| SCHNUCK MARKETS, INC., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This putative class action matter is before the Court on plaintiff's motion to remand the case to state court. Defendants oppose the motion. A reply and sur-response have been filed.[1] For the following reasons, the Court concludes that it lacks jurisdiction over this matter and must remand it to the state court from which it was removed.

**Background**.

On February 16, 2005, plaintiff filed a class action petition in the Circuit Court of the City of St. Louis, Missouri. Plaintiff seeks to represent a class of people who purchased Breyer's Ice Cream, which is labeled as "All Natural Ice Cream," but which plaintiff claims actually contains rGBH, antibiotics, and/or other synthetic ingredients. The petition alleged common law fraud, violation of the Missouri Merchandising Practices Act and the substantially similar laws of other states, breach of contract and unjust enrichment. Plaintiff filed First and Second Amended Petitions on February 17, 2005 and April 6, 2005, respectively. The petitions expressly limit the value of relief sought to less than $75,000.00.

---

[1]Defendants' sur-response was electronically filed and docketed as a sur-reply.

On February 18, 2005, two days after plaintiff filed her initial petition, Congress enacted the Class Action Fairness Act of 2005, Pub. L. 109-2, § 9 Feb. 18, 2005, 119 Stat. 14 ("CAFA"), which altered the traditional requirements for federal diversity jurisdiction in class action cases "commenced" on or after the date of enactment. On May 19, 2005, defendants filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453. The Notice of Removal asserts that the Court has jurisdiction over this action pursuant to CAFA.

Plaintiff asserts in the motion to remand that because her case was filed in state court two days before CAFA was enacted, it was already "commenced" when CAFA became effective. Thus, plaintiff argues there is no federal jurisdiction under CAFA and the case must be remanded. Plaintiff asserts that there is no legal or factual support for the removal, and seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

Defendants respond that for federal jurisdiction purposes, a case is "commenced" on the date it is removed to federal court, and because this case was removed after February 18, 2005, the date on which CAFA was enacted, CAFA applies to the action. Defendants further respond that both of the requirements for diversity jurisdiction under CAFA are satisfied because there is minimal diversity among the parties (i.e., one plaintiff is a citizen of a state different from any one defendant), and the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs. Defendants do not contend that federal jurisdiction exists on any other basis.

**Legal Standard**.

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). The burden of proving subject matter jurisdiction falls on the party desiring to proceed in federal court. VS Ltd. P'ship v. Department of

2

Housing & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).[2]  Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075.  While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.").

**Discussion**.

For federal subject matter jurisdiction to exist under CAFA, a case must have "commenced" on or after the law's enactment date of February 18, 2005.  See CAFA § 9.  The issue in this case is when the case was "commenced."  CAFA does not define the term "commenced."  Plaintiff contends

---

[2]The Court is aware that CAFA's legislative history appears to indicate Congress' intent to place the burden of proof with respect to jurisdiction on a plaintiff seeking remand.  See Judiciary Committee Report on Class Action Fairness Act, S.Rep. No. 109-14, at 42-22 (lst Sess. 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 2005 WL 627977.  The language of CAFA itself does not, however, alter the burden of proof.  The Supreme Court of the United States has frequently stated that Congress is presumed to be aware of existing law when it passes legislation.  See, e.g., Ankenbrandt v. Richards, 504 U.S. 689, 700-01 (1992).  "Where . . . Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute."  Lindahl v. Office of Personnel Mgmt., 470 U.S. 768, 783 n.15 (1985) (quoted case omitted).  Thus, the Court will continue to place the burden of proof on the party seeking to establish federal jurisdiction.  Cf. Schwartz v. Comcast Corp., 2005 WL 1799414, *7 (E.D. Pa. July 28, 2005) (by failing to expressly change the burden of proof in establishing diversity jurisdiction, "Congress implicitly acknowledged and adopted the longstanding rule that a removing defendant bears the burden of proof for establishing diversity jurisdiction.").  For the reasons discussed below, the instant case would have to be remanded for lack of subject matter jurisdiction regardless of whether the burden were on the plaintiff or the defendants.

the case was commenced when the petition was filed in state court on February 16, 2005. Defendants contend it was commenced when it was removed to federal court. Plaintiff's interpretation is correct.

The Eighth Circuit has held that "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even though the cause of action arises from federal law." Winkels v. George A. Hormel & Co., 874 F.2d 567, 570 (8th Cir. 1989) (citations omitted). Under Missouri law, the filing of a petition constitutes the commencement of an action. Missouri ex rel. Buchanan v. Jensen, 379 S.W.2d 529, 531 (Mo. 1964) (en banc); see also Kansas ex rel. American Steel Works v. Hartford Acc. & Indem. Co., 426 S.W.2d 720, 723 (Mo. Ct. App. 1968) ("an action is commenced by filing in the office of the Clerk of the proper court a petition, setting forth the plaintiff's cause of action and the remedy sought, and suing out thereon a writ of summons against the person of defendant."). Therefore, plaintiff's action commenced on February 16, 2005.

Other courts have consistently held that the term "commenced" as used in CAFA refers to the date the action was first filed in state court, not the date it was removed to federal court. See Pritchett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005); see also Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806-07 (7th Cir. 2005) (significant change to class definition occurring after CAFA's effective date did not constitute "commencement" of new action); In re General Motors Corp., "Piston Slap" Products Liability Litig., __ F.Supp.2d __, 2005 WL 1606445, *3 (W.D. Okla. July 6, 2005) (citing Pritchett with approval); Sneddon v. Hotwire, Inc., 2005 WL 1593593, *2 (N.D. Cal. June 29, 2005) (action commences when petition filed in state court); Bush v. Cheaptickets, Inc., __ F.Supp.2d __, 2005 WL 1706908, *1 (C.D. Cal. May 5, 2005) (same); In re Expedia Hotel Taxes and Fees Litig., __ F.Supp.2d __, 2005 WL 1706920, *1 (W.D. Wash. Apr. 15, 2005) (same).

In Pritchett, the Tenth Circuit's rejection of the removal-as-commencement argument was based on three grounds. First, the Court observed that a cause of action is traditionally deemed to have commenced when it is first brought in an appropriate court; and when a case is removed to federal court, it is not traditionally viewed as recommenced or as a new cause of action. Pritchett, 404 F.3d at 1235. Second, the Court cited the "well-established" rule that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Id. The Court held that a narrow interpretation of CAFA led to the conclusion that a case is commenced when it is filed, not when it is removed. The Court also applied the "presumption against the retroactivity of a statute absent a clear congressional intent to the contrary." Id. at n.2 (citation omitted). Third, the Court looked to CAFA's legislative history, which indicated that retroactive application had been eliminated from previous versions of the statute prior to enactment, and that the statute as enacted was not intended to apply retroactively. This Court finds the reasoning expressed in Pritchett logical and persuasive, and will adopt it as its own.

Defendants attempt to distinguish this case from the class actions in Pritchett and Knudsen on the basis that those cases had been pending for at least two years before they were removed under CAFA. In comparison, defendants assert that CAFA has been effective from the very first day they could have effected removal to federal court under 28 U.S.C. § 1446(b), because neither defendant was served until after February 18, 2005. This argument, however, is contrary to controlling Eighth Circuit precedent and Missouri law concerning the commencement of an action. A similar argument was rejected in Sneddon, 2005 WL 1593593, *2 (plaintiffs filed three separate cases against defendant on January 10, 2005, January 13, 2005 and February 17, 2005; consolidated cases were

5

removed on March 7, 2005 but no jurisdiction existed under CAFA because the cases were filed prior to its enactment).

Defendants' reliance on district court cases from other jurisdictions which pre-date CAFA is unpersuasive, given the weight of authority from other circuits and other district courts interpreting this precise issue under CAFA. See United States v. Auginash, 266 F.3d 781, 784 (8th Cir. 2001) (although not bound by another circuit's decision, Eighth Circuit "adhere[s] to the policy that a sister circuit's reasoned decision deserves great weight and precedential value.") (internal punctuation and quoted case omitted).

Plaintiff's request for an award of attorney's fees and costs under 28 U.S.C. § 1447(c) will be denied. Defendants' removal was prompt and the issue raised is a new one in this district and circuit. Although the Court considers defendants' removal to have been improper, it finds that no award of fees and costs is warranted.

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action, and plaintiff's motion to remand must be granted. This action will be remanded to the Circuit Court for the City of St. Louis, Missouri, from which it was removed. Plaintiff's request for an award of attorney's fees and costs is denied. Plaintiff's Motion for Class Certification and defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Petition remain pending for disposition by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 8]

An appropriate order of remand will accompany this memorandum and order.

                                                                          **CHARLES A. SHAW**
                                                                          **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of August, 2005.